413 P.2d 300

**Frank O. REEDER, Plaintiff and Respondent,**

v.

**BRIGHAM CITY, a Corporation, Defendant and Appellant.**

No. 10404.

Supreme Court of Utah.

April 22, 1966.

Robert W. Daines, Brigham City, for appellant.

Mann & Hadfield, Walter G. Mann, Brigham City, for respondent.

WADE, Justice:

Brigham City, a municipal corporation, appeals from a judgment enjoining it from diverting surface and percolating waters from Brigham City by means of man-made storm and drainage systems away from the natural drainage system for such waters and dumping them into respondent Frank O. Reeder's private irrigation system. Brigham City also appeals from the judg-

ment for damages in the amount of $1.00 plus costs of suit awarded respondent.

It is appellant's contention that the court erred in granting damages because any action of the City was in its governmental capacity and therefore the principle of sovereign immunity applied, and that there was insufficient evidence to sustain the court's findings of fact upon which its conclusions of law were based.

The record discloses that the northeast portion of Brigham City had experienced a building boom on grounds which had originally been mostly cultivated orchard lands. The soil was gravelly and porous, and waters seeped into it. The slope of the land involved herein is toward the west, and there are a number of spring areas and man-made ditches which were used to divert the spring waters for irrigation purposes. There is no natural drainage channel or stream where waters flow and are carried off in the area in question. When the orchard lands were converted to housing, an underground drainage system was established, curbs and gutters were built, and roads in about 36 acres of land were hard-surfaced. In 1962, for the first time, all the waters from the drainage system and those which had accumulated from the curbs and gutters and hard-surfaced roads were channeled into an underground system and discharged on the north side of a new road which had been built by the State

Road Commission at a point on 6th East and 9th North, and a new ditch built along the north side of a new street, bringing the water from the east to the west. This ditch, because of its slope and depth, was capable of carrying a great amount of water. Before the curbs and gutters were built and the roads hard-surfaced and the drainage system installed, respondent's lands, which are located in the northwest section, were never flooded during times of heavy rainfall or spring runoffs, but after such installations respondent's lands were flooded.

The court found that the manner in which appellant handled the surface and drainage waters diverted it away from its natural drainage area and forced them into the respondent's and other ditches, which were unable to handle the excess waters, causing them to overflow and flood the lands.

■ We are of the opinion that there was sufficient evidence to sustain the court's findings that appellant had caused underground waters and waters from the drainage system it had created for draining of water from hard-surfaced streets to flow through a pipe and then dumped at one point into the deep artificial ditch it had constructed through a natural ridge or divide which marked the western boundary of the natural drainage system into which natural system the surface and percolating waters which arose in the extreme northeast portion of the City had heretofore naturally drained. By diverting the waters from the natural drainage system into its deep artificial ditch, it caused the excess waters, which might arise during flood time, to enter into respondent's and other irrigation ditches and cause them to overflow and damage crops growing on the lands. Appellant, having interfered with the natural flow of the water, and by such interference having caused the waters to be discharged in greater quantities and carried in a different manner than occurred under natural conditions, the court correctly granted the injunction. Respondent has the right to be free from receiving waters on his lands to his damage which do not find their way in their natural course and under natural conditions.[1]

■ Appellant's contention that it is not subject to liability for damages because it was acting in a governmental capacity is well taken under the ruling of this court in Cobia v. Roy City.[2]

1. North Point Consol. Irr. Co. v. Utah & S. L. Canal Co., 16 Utah 246, 52 P. 168, 40 L.R.A. 851; Andrew Jergens Co. v. City of Los Angeles, 103 Cal.App.2d 232, 229 P.2d 475; Maricopa County Municipal Water Conservation Dist. No. 1 v. Warford, 69 Ariz. 1, 206 P.2d 1168; 56 Am.Jur., Waters, § 71, p. 555; 59 A.L.R. 2d Anno., § 5, p. 429.

2. 12 Utah 2d 375, 366 P.2d 986.

The court's ruling as to the injunction is affirmed but is reversed as to the damages awarded. Each party to bear its own costs.

HENRIOD, C. J., and McDONOUGH, CROCKETT and CALLISTER, JJ., concur.